USCA1 Opinion

 

 October 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1196 JOSEPH M. CRAVEIRO, II, Plaintiff, Appellant, v. LORING P. LAMOUREUX, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Joseph M. Craveiro, Jr. on brief pro se. _______________________ Scott Harshbarger, Attorney General, and Eleanor Coe Sinnott, __________________ ____________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Appellant Joseph Craveiro appeals from __________ the district court's order dismissing his 42 U.S.C. 1983 complaint as frivolous under 28 U.S.C. 1915(d). Upon a careful review of the record and the parties' briefs, we agree with the judgment of the district court for essentially the reasons stated in its Memorandum and Order dated August 3, 1993. We add the following comments. First, appellant's request for an order directing defendants to correct the state judgment is barred by Rooker ______ v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (lower ____________________ federal court has no jurisdiction to sit in review of state court judgment). Second, a federal court cannot instruct state officials how to behave based upon state law. _____ Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 ______________________________ _________ (1984). These cases dispose of appellant's claims for declaratory and injunctive relief. Finally, a judgment in favor of appellant in this case plainly would imply that his conviction for armed robbery is invalid. Thus, his claim for damages is not cognizable under 1983. See Heck v. ___ ____ Humphrey, 114 S. Ct. 2364, 2372 (1994). ________ Appellant's complaint, being premised on "indisputably meritless legal theor[ies]," is therefore frivolous within the meaning of Neitzke v. Williams, 490 U.S. _______ ________ 319, 327 (1989). The judgment of the district court is affirmed. ________